THE DELAWARE & RARITAN CANAL CO. v. WRIGHT.

1. Twenty years adverse possession, and maintaining what would otherwise be a nuisance, will give a right to maintain it; but until twenty years have established the right, every continuance of it is actionable, and damages may be recovered for any injuries done by it within six years before the commencement of the suit, although the cause of injury was erected for more than six years before.

2. In such cases, the damage is the cause of action, and the statute begins to run from the time of the injury, and not from the doing the act which occasioned the injury, which gave no cause of action until damage ensued.

Error to Mercer Circuit Court. This action was in case, for the continuance of a nuisance by the obstruction of a watercourse, by means of a culvert erected by the company, the effect of which was, as alleged, by narrowing the passage, in times of freshet to overflow the lands of the plaintiff. The suit was commenced in December, 1845. The culvert was erected in 1833, and had been continued from that time to the commencement of the suit. Upon the trial, before Mr. Justice RANDOLPH, the counsel of the company called upon the Judge to charge that the statute of limitations was a bar to the action. The judge on the contrary, charged the jury that the statute was no bar, but that the plaintiff was entitled to recover for all damages proved to have been sustained by him at any time within six years next before the commencement of the suit: to which ruling the defendant below excepted.

Argued before the CHIEF JUSTICE, and NEVIUS and CARPENTER, JJ.

*J. S. Green*, for the plaintiff in error.

The right of action was complete upon the completion of the culvert. This is not the ordinary case of a continuance of a nuisance. The company acted under the authority of the law in the erection of the culvert, and what it did was lawful. The culvert was lawfully erected, but it turned out that it was too

narrow.   2 *U. S. Dig.* 805, *tit.* "*Limitations,*" *Art.* 269 ; *Kerns* v. *Shoemaker,* 4 *Ham.* 331 ; 2 *Greenl. Ev., tit.* "*Limitations.*"

*W. Halsted,* contra, cited *Angell on Lim.* 324 § 3 ; *Baldwin* v. *Culkins,* 10 *Wend.* 167, 175.

Opinion of the court delivered by

CARPENTER, J.   Every continuance of a nuisance is held to be a cause of action ; and an action will lie as well against him who continues, as against him who first levied a nuisance.   3 *B. C.* 219 ; *Thompson* v. *Gibson,* 7 *Mees. & W.* 465 ; *Staple* v. *Spring,* 10 *Mass.* 74.   Therefore, an action will lie for the recovery of any damages suffered by the continuance of a nuisance, which have accrued within six years ; though it seems the right of action will be barred only by an adverse possession of twenty years.   *Angell on Lim.* 234, and *cases cited.*

But supposing the building of the culvert to have been lawful, as urged by the counsel of the company, the injury was merely consequential, and in such case the statute only begins to run from the time the special damage accrued.   2 *Greenl. Ev.* § 433 ; *Stark. Ev.* 659.   This principle has been well applied to acts done by commissioners and others acting under authority given by statute, in which case there is generally a special limitation prescribed in the same statute.   The act being lawful, and the action being sustained only in consequence of special damage, it has been held, that in such cases, the statute only begins to run from the time when the consequential injury occurred, and not from the time of doing the act which gave occasion to the consequential injury.   *Roberts* v. *Read,* 16 *East.* 215 ; *Wordsworth* v. *Harley,* 1 *B. & Adol.* 391 ; *Gillon* v. *Boddington,* 1 *Car. & Payne,* 541.

There was no error in the charge of the judge, and the judgment must be affirmed.

The CHIEF JUSTICE and NEVIUS, J. concurred.

Judgment affirmed.

CITED *in Del. & Rar. Canal Co.* v. *Lee,* 2 *Zab.* 251–4.