WILLIAM C. MOREY ET AL., RESPONDENTS, v. COUNTY OF ESSEX, APPELLANT.

Submitted March 22, 1920—Decided June 14, 1920.

1. The owner of land who has voluntarily parted with the possession thereof, and has vested in a third person not only the right of possession, but the possession itself, either for a fixed or indefinite period of time which has not yet expired, cannot maintain an action of trespass *quare clausum fregit* against the trespasser; but where the present right of possession is vested in

him the fact that he is wrongfully kept out of possession by the trespasser himself constitutes no bar to the maintenance of the action.

2. An action of trespass *quare clausum fregit* is not barred by the statute of limitations where the primary tortious act was committed over six years prior to the beginning of action but the trespass has been continued during the six-year period.

On appeal from the Supreme Court.

For the appellant, *Charles C. Pilgrim.*

For the respondents, *Charles Jones.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action of trespass *quare clausum fregit.* The case of the plaintiffs as set out in their complaint and proved at the trial is as follows: They are the owners of a tract of land, with a building thereon, located in the borough of Verona, in Essex county, and fronting on a public road known as Lakeside avenue. This property is their homestead. Some time in the summer of 1912 the county of Essex conceived the idea of straightening this public road, and, subsequently (the date is uncertain), entered upon and took possession of a strip of the plaintiffs' land, filled it in to make it correspond to the grade of the highway, and turned it over to public use. All this was done without any attempt on the part of the county to acquire the title to or any rights in this strip; its action was entirely without warrant of law and in direct violation of the property rights of the plaintiffs.

The defendant pleaded a general denial, and also the statute of limitations—that is, that the alleged trespass did not occur within six years of the bringing of the present suit. No attempt was made by the county at the trial to justify its act, its sole contention being that plaintiffs' action was outlawed. In dealing with this phase of the case the trial judge charged the jury that the statute of limitations was no bar, because the trespass was a continuous one. The jury thereupon ren-

dered a verdict awarding damages to the plaintiffs for the defendant's trespass and judgment was entered thereon.

Only two questions are presented on this appeal. The first is whether an action of trespass *quare clausum fregit* can be maintained by a plaintiff who is not in possession of the land upon which the trespass was committed. That this is the situation which the case presents appears on the record itself. There is a good deal of difference of opinion upon this subject as exhibited in the reports of the courts of our sister states, but we consider that the matter is entirely at rest so far as our own decisions are concerned; and the rule to be gathered from those decisions is that the owner of land who has voluntarily parted with the possession thereof, and has vested in a third person not only the right of possession, but the possession itself, either for a fixed or indefinite period of time which has not yet expired, cannot maintain this action against a trespasser (*New Jersey Midland Railroad Co.* v. *Van Syckle,* 37 *N. J. L.* 496, 508), but that where the title to the land, together with the present right of possession thereof is vested in the plaintiff, the fact that he is wrongfully kept out of possession by the trespasser himself, constitutes no bar to the maintenance of the action. The latter part of the rule is declared in general terms by this court in the case of *Rollins* v. *Atlantic City Railroad Co.,* 70 *Id.* 664. It was applied by the Supreme Court in the case of *Starr* v. *Camden and Atlantic Railroad Co.,* 24 *Id.* 592, and by this court in the case of *Hetfield* v. *Central Railroad Co.,* 29 *Id.* 571, and again in *Pipe Line Co.* v. *Delaware, Lackawanna and Western Railroad Co.,* 62 *Id.* 254. That the rule as our courts have declared it rests upon common sense and justice we cannot doubt. To hold that the right of the landowner to maintain the action rests entirely within the control of the wrong-doer; that is, that the latter, by leaving the premises after committing the trespass, subjects himself to immediate liability to be sued for his wrongful act, but that he may indefinitely postpone the landowner's right to recover damages by tortiously taking possession of the land itself, and keeping

the owner out of the enjoyment thereof, would be to deny to the owner the full protection of the law.

The other matter involved in the appeal is the soundness of the instruction to the jury that the statute of limitations was no bar to the action, even if it be conceded that the original tortious entry occurred more than six years before the commencement of the action. We have no doubt of the correctness of the instruction. The right of action of the plaintiffs does not rest entirely upon the original tortious entry and partial destruction of their property, but upon the continued occupation and user of the property by the defendant following the original entry. The plaintiffs were entitled to sue as soon as the primary tortious act was committed, and would have been entitled to recover damages up to the time of the institution of the suit. If the defendant persisted in its wrongdoing thereafter, the plaintiffs were entitled to institute another suit to recover for the damages sustained by them subsequent to the institution of the first action, and to proceed in this way so long as the defendant persisted in the wrongful occupation and user of this property as a part of a public highway. In other words, the constant repetition of the defendant's unlawful acts, its persistence in its wrongful occupation of plaintiffs' land, constituted a continuous trespass, and the plaintiffs were entitled to recover from the defendant the damages sustained by them for all of the six years preceding the institution of the suit. Whether the jury would be entitled to award them compensation for damages sustained outside of the six-year limitation is a question which has not been raised on this appeal, and concerning which we express no opinion.

The judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 14.

*For reversal*—None.