26 N.J. Super. 328 (1953)
97 A.2d 743
STANLEY DEVELOPMENT CO., A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
TOWNSHIP OF MILLBURN, A MUNICIPAL CORPORATION OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 1, 1953.
Decided June 18, 1953.
*329 Before Judges GOLDMANN, SMALLEY and SCHETTINO.
Mr. Samuel J. Zucker argued the cause for plaintiff-appellant (Messrs. Sandles & Sandles, attorneys).
Mr. Reynier J. Wortendyke, Jr., argued the cause for defendant-respondent.
*330 The opinion of the court was delivered by SCHETTINO, J.A.D. (temporarily assigned).
Plaintiff Stanley Developing Company acquired title to property on Cypress Street in the Township of Millburn on October 1, 1948. Plaintiff alleges that in 1921 the township installed a sanitary sewer along Cypress Street and thereafter installed a storm sewer which it so located as to prevent access from the property to the sanitary sewer. Plaintiff charges this action constituted affirmative wrongdoing and seeks to recover the sum of $2,136 expended by it, apparently in 1950, to accomplish another outlet.
Plaintiff's title extends to the center line of the street, subject of course to the conceded rights of the municipality. The sanitary sewer is located under abutting land. The storm sewer is described as being in the center of the street, although it is not clear whether it lies on plaintiff's side of the center of the road. There appears to be no evidence as to whether the sanitary sewer or the storm sewer was first completed, but upon oral argument, the Township acquiesced, for the purposes of this appeal, in the factual assumption that the storm sewer was constructed after the sanitary sewer. In any event, both installations were completed by the end of 1921. Both were public improvements and assessments for benefits as to each were levied against the property and paid by plaintiff's predecessor in title.
The township asserts a number of propositions addressed to the existence of a claim for relief in tort either in plaintiff or in its predecessor in title, and urges as well the defense of statute of limitations (N.J.S. 2A:14-1). We believe the stated defense is dispositive, and hence it is unnecessary to consider the other questions.
Plaintiff claims a right of access to the sanitary sewer as an incident of its ownership of the land. Assuming this is so and that the location of the storm sewer constituted a tortious wrong, it seems clear to us that the cause of action accrued with the obstruction of the right of access, and has long since been barred by the statute of repose. The conduct complained of occurred in 1921. Injury was immediate. If *331 a claim for relief in a tort arose, it came into being with that injury and was immediately actionable. It is of no moment that the injury was first discovered after the statute ran, or that additional damage was later experienced either within or beyond the statutory period. Weinstein v. Blanchard, 109 N.J.L. 332, 337 (E. & A. 1932); Tortorello v. Reinfeld, 6 N.J. 58, 65 (1950).
Plaintiff asserts that the storm sewer installation constitutes a "nuisance" of a "continuing" character, and upon those premises urges the statutory bar did not fasten. We find no basis for either appraisal of the wrong. The alleged wrong was a single, finite event, and the damages, we believe, were completely sustained and ascertainable in 1921. The moneys recently expended represent, not new damage, but rather expenses incurred by reason of an ancient injury. The same work could have been done in 1921, and the time interval was due to the circumstance that the property was but recently developed for housing. We are not passing upon the issue of the measure of damages. It is not before us. The observations above made are addressed to the question of when the cause of action accrued.
Plaintiff cites Morey v. Essex County, 94 N.J.L. 427 (E. & A. 1920), in support of its position that the wrong was of a continuing nature. There the defendant without right laid a road upon plaintiff's lands and continued that use. It was the continued use of plaintiff's land to which the court attributed the continuing nature of the trespass. In the case at bar the alleged wrong was completed when the storm sewer was laid. It is not suggested that the laying of the sewer constituted a trespass, and it is clear that the continued use of the storm sewer for the purpose for which it was intended, was not in any respect a violation of any right of plaintiff or hurtful to it. The gravamen of the wrong can reside only in the position of the storm sewer in relation to the sanitary sewer, and not in the use of the storm sewer after it was installed.
We add that even where the concept of continuing wrong has been applied, recovery is ordinarily permitted only *332 with respect to damages sustained during the period of limitations preceding the suit. Delaware & Raritan Canal Co. v. Wright, 21 N.J.L. 469 (Sup. Ct. 1848); Delaware & Raritan Canal Co. v. Lee, 22 N.J.L. 243 (Sup. Ct. 1849); Church of Holy Com'n. v. Paterson, etc., R.R. Co., 66 N.J.L. 218 (E. & A. 1901); Morey v. Essex County, 94 N.J.L. 427 (E. & A. 1920). If plaintiff's claim could fit within the purview of such cases, and we are satisfied that it can not, yet recovery would be confined to the damage to the property within the six year period, and as stated above, no damage was caused by the township's conduct during that period, albeit that within that period plaintiff incurred expense for remedial measures.
Judgment is accordingly affirmed.