189 N.J. Super. 325 (1983)
460 A.2d 149
MAHONY-TROAST CONSTRUCTION COMPANY, A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT,
v.
SUPERMARKETS GENERAL CORPORATION, A DELAWARE CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 28, 1983.
Decided March 24, 1983.
*326 Before Judges BISCHOFF and J.H. COLEMAN.
John E. Flaherty argued the cause for appellant (McCarter & English, attorneys).
Frederic K. Becker argued the cause for respondent (Wilentz, Goldman & Spitzer, attorneys).
The opinion of the court was delivered by BISCHOFF, P.J.A.D.
This appeal raises issues relating to the timeliness of a demand for arbitration of a dispute concerning the cause of continuing leaks in a roof installed by plaintiff. From a dismissal of plaintiff's complaint in which it sought to enjoin arbitration, plaintiff appeals.
*327 By contract dated April 12, 1972 plaintiff agreed to build a combination warehouse and office building for defendant. The contract price was $6,960,701. Work was to be started no later than May 1, 1972 and completed no later than October 1, 1973.
Substantial completion is defined in the contract as being the date when all certificates of occupancy and approval required by any governmental authority or insurance underwriter have been issued and delivered to the owner.
The contract required that notice of demand for arbitration shall be filed "within a reasonable time after the claim, dispute or other matters in question has arisen, and in no event shall it be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitations."
Plaintiff subcontracted the roofing to Mueller Roofing Service, Inc. for the sum of $361,000. Defendant requested that the roof be of the same type as plaintiff had installed on another building plaintiff had built for defendant. The roof was described as a three-ply asphalt smooth surface roof constructed over steel decking upon which insulation had been placed.
Mueller began work in January 1973 and completed installing the roof in the spring of that year. Almost from the date of installation the roof leaked. It leaked every time it rained and the leaks continued into 1977 and beyond. Originally, the repairs to the roof were made by Mueller.
On December 21, 1973 Mueller issued its warranty stating that it had "performed all work required by the Contract in accordance with the terms thereof and that all portions of the Work completed under the Contract are perfect as to materials and workmanship and will so remain from September 22, 1973 for a period of five years," and guaranteed that it would make good and replace all defects in the work for that five year period at its own expense.
*328 On October 8, 1973 plaintiff released the required certificates of occupancy, dated October 4, 1973, to defendant.
Plaintiff attempted to correct the leaking roof through Mueller at first, and in 1977 hired another roofer to continue with the repairs. Plaintiff's attempts at correction of the problem continued through March of 1979.
In June 1979 defendant hired an expert to inspect the roof and report on the situation. In its report this expert attributed the problem of the roof to design deficiencies and deficient workmanship. Repairs to correct the condition were estimated to cost between $1.4 and $2.1 million.
On September 26, 1979 defendant made a demand for arbitration concerning the cracks and leaks in the roof.
By verified complaint, filed April 14, 1980, plaintiff sought to enjoin arbitration because (1) the demand was not made within the period of the statute of limitations; (2) the demand was made after the expiration of the five-year guaranty on the roof, and (3) the demand was not made within a reasonable time as required by the contract between the parties.
After a hearing the trial judge held the statute of limitations did not bar defendant from filing a demand for arbitration on September 26, 1979, since the statute did not begin to run before October 8, 1973, the date the certificates of occupancy were delivered. He held that even if the roof was completed at an earlier date, in a contract calling for design and construction of a building, the statute of limitations does not begin to run until the building is completed. In the alternative, he held that if the statute did start to run earlier, it was tolled by plaintiff's efforts to remedy the situation and the assurances that the repairs were being properly performed. The trial judge also ruled that whether defendant's demand for arbitration was made within a reasonable time under the contract was an issue for the arbitrators.
Plaintiff's complaint was dismissed. Arbitration was not stayed and the parties agree that 20 days of hearings before the *329 arbitrators concluded February 17, 1983 with a determination of the arbitrators expected within 30 days of that date.
Plaintiff asserts on appeal, as it did in the trial court, that defendant's demand for arbitration is barred by the statute of limitations, basing its computations upon the assertion that the roof was completed in the spring of 1973 and the building partially occupied as early as April 1973, as shown by the installation of racks and subsequent storage of merchandise in July 1973. Plaintiff contends the date of the issuance of the certificates of occupancy is irrelevant to a determination of the completion date of the roof.
We are of the view that where, as here, the contract is for the design and construction of a structure (commonly called a design-build contract) the statute of limitations on an action for deficiencies in design or construction commences to run upon substantial completion of the structure. The bar of the statute does not commence to run against the owner as component parts or subcontracts are completed.
Authority for that principle is sparse in New Jersey. Hudson Cty. v. Terminal Constr. Corp., 154 N.J. Super. 264, 268 (App.Div. 1977), certif. den. 75 N.J. 605 (1978) (this court approved the trial court's reference to "completion and acceptance of the construction" as the date of the commencement of the running of the statute of limitations. The trial court looked to the date of completion of the entire building rather than to the completion of the defective tile work, there in question, as the commencement date.); Mayor, etc., Jersey City v. J.C.W.S. Co., 90 N.J. Eq. 14, 18 (Ch. 1918), aff'd o.b. 90 N.J. Eq. 603 (E. & A. 1919) (cause of action accrued "when it [the owner] took the works and paid the price"). However, this rule is well recognized in other jurisdictions. Illustrative holdings are Federal Reserve Bank of Richmond v. Wright, 392 F. Supp. 1126, 1132 (E.D.Va. 1975); National Hills Shop. Ctr., Inc. v. Insurance Co. of No. Am., 320 F. Supp. 1146 (S.D.Ga. 1970); Skidmore, Owings & Merrill v. Connecticut G.L. Ins. Co., 25 Conn. 76, 197 A.2d 83 *330 (Sup.Ct.Err. 1963); Sears, Roebuck & Co., v. Enco Assoc., Inc., 43 N.Y.2d 389, 372 N.E.2d 555, 401 N.Y.S.2d 767 (Ct.App. 1977); Union School Dist. 20 v. Lench, 134 Vt. 424, 365 A.2d 508 (Sup.Ct. 1976). A cause of action could not accrue under this type of contract at an earlier date because a civil action for a defect or a deficiency prior to substantial completion would, of necessity, be dismissed as premature since the builder is entitled to the entire period prior to substantial completion to rectify any defects in the design or construction before being subject to suit therefor. Kuniansky v. D.H. Overmyer Warehouse Co., 406 F.2d 818 (5 Cir.1968), cert. den. 398 U.S. 905, 90 S.Ct. 1697, 26 L.Ed.2d 64 (1969); Federal Reserve Bank of Richmond v. Wright, supra, 392 F. Supp. at 1132. Here the parties expressly contracted for the indicia of substantial completion. Article 14 of the contract provides:
Anything in Article 8.1.3 of the General Conditions to the contrary notwithstanding, the Work shall not be regarded as substantially completed and the date of Substantial Completion shall be deferred until all of said certificates as hereinabove defined shall have been issued and delivered to the Owner.
One of the certificates there referred to is the certificate of occupancy. It is not disputed that the final certificate of occupancy was delivered to defendant on October 8, 1973. Moreover, plaintiff's final requisition for payment was submitted to defendant on October 4, 1973 and it included an item for roofing work.
We hold that the demand for arbitration, having been made September 26, 1979, was within six years of substantial completion, and the statute of limitations does not constitute a bar to arbitration.
Having reached this conclusion, it is unnecessary for us to rule on the trial judge's alternative holding that if the statute of limitations began running earlier, it was tolled because of plaintiff's efforts to correct the situation.
Plaintiff argued in the trial court, and here, that defendant did not file a demand for arbitration within a reasonable *331 period of time. The contract requires that such a demand should be made within a reasonable time, and plaintiff contends that it has been prejudiced by unreasonable delay. The trial judge refrained from ruling on that contention. The judgment entered provides:
5. The actions of defendant, including the timing of its demand for arbitration, did not prejudice the plaintiff in the defense of defendant's claim but the Court recognizes that the question of whether defendant's demand for arbitration was made within a reasonable time is properly for determination in the already-pending arbitration proceedings.
The trial judge reasoned that the factual inquiry to be pursued by the arbitrator in determining the merits of defendant's claim for damages because of defects in the roof is inextricably intertwined with the factual inquiry as to whether defendant's demand was made within a reasonable time. This is the view applied by a majority of the jurisdictions today. See Conticommodity Services v. Philipp & Lion, 613 F.2d 1222 (2 Cir.1980); Hanes Corp. v. Millard, 531 F.2d 585, 599 (D.C. Cir.1976); Halcon International, Inc. v. Monsanto Australia Ltd., 446 F.2d 156 (7 Cir.1971), cert. den. 404 U.S. 949, 92 S.Ct. 286, 30 L.Ed.2d 266 (1971); Trafalgar Shipping Co. v. International Milling Co., 401 F.2d 568 (2 Cir.1968); Singer Company v. Tappan Company, 403 F. Supp. 322 (D.N.J. 1975), aff'd mem. 544 F.2d 513 (3 Cir.1976); United Nations Development v. Norkin Plumbing, 45 N.Y.2d 358, 380 N.E.2d 253, 254, 408 N.Y.S.2d 424 (Ct.App. 1978).
The case of Sussleaf-Flemington, Inc. v. Bruce, 84 N.J. Super. 599 (App.Div. 1964), expresses a contrary view. We are satisfied, however, that the cases upon which the Sussleaf court relied, id. at 603, no longer express the majority or modern view. We decline to follow the holding of that case on this issue.
We affirm the rulings of the trial court that (1) the claim for arbitration was not barred by the statute of limitations and (2) whether the claim for arbitration was made within a reasonable time is to be resolved by the arbitrators along with the merits of the claim.