655 A.2d 447

RUSSO FARMS, INC., A NEW JERSEY CORPORATION; RFC CON-TAINER CO., INC., A NEW JERSEY CORPORATION; THOMAS RUSSO; EVA RUSSO, HIS WIFE; PASQUALE RUSSO; MARIO RUSSO; ESTATE OF PASQUALE RUSSO, PLAINTIFFS-AP-PELLANTS, v. VINELAND BOARD OF EDUCATION; CITY OF VINELAND; GLENN A. KAHLEY; ART ANDERSON, INC., A NEW JERSEY CORPORATION, DEFENDANTS-RESPON-DENTS, AND LIPPINCOTT ENGINEERING ASSOCIATION; DANIEL W. JACOBS, P.E.; JOHN DOE; JANE DOE AND MARY DOE (FICTITIOUS), DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Submitted January 17, 1995—Decided March 21, 1995.

Before Judges HAVEY, BROCHIN and CUFF

*Wolf Professional Association,* attorneys for appellants (*Walter T. Wolf,* of counsel and on the brief: *Matthew S. Wolf,* on the reply brief).

*Gruccio, Pepper, Giovinazzi, DeSanto & Farnoly,* attorneys for respondent Vineland Board of Education (*Robert A. DeSanto,* on the brief).

*Horn, Goldberg, Gorny, Daniels, Pearz, Plackter & Weiss,* attorneys for respondent City of Vineland (*Eric M. Wood,* on the brief).

*LaBrum & Doak,* attorneys for respondent Art Anderson, Inc. (*Michael G. Brennan,* on the brief).

*Cooper, Perskie, April, Niedelman, Wagenheim & Levenson,* attorneys for respondent Glenn A. Kahley (*Michael R. Litke,* on the brief).

The opinion of the court was delivered by

BROCHIN, J.A.D.

Plaintiffs own and farm property in Vineland, New Jersey.[1] Their crops and farmland have been damaged by flooding which,

---

[1] The plaintiffs are all members of the Russo family and entities controlled by them. Some of the plaintiffs own various portions of the property which is the subject of this law suit and some of them farm it as lessees. However, the entire property is apparently operated as a single farm and all of the parties claiming

they claim, was caused by the improper siting and construction of a public high school across the street from their property. They instituted the present action to obtain compensation for the damage.

The defendants who are parties to this appeal are the Vineland Board of Education, Glenn A. Kahley, Art Anderson, Inc., and the City of Vineland. Plaintiffs allege that the Board of Education is liable to compensate them for the damage to their crops and farmland because it owns and operates the high school; Mr. Kahley, because he was the architect who designed and sited the school building; Art Anderson, Inc., because it was the general contractor who built it; and the City of Vineland,[2] because the measures which it took to deal with the runoff from the school property made the flooding worse.

The Law Division granted defendants' motion for summary judgment, dismissing plaintiffs' claims against each of the defendants on the ground that every claim was barred by a statute of limitations, a statute of repose, or the notice provisions of the Tort Claims Act. Plaintiffs have appealed, and our review requires us to consider how each of these statutes affects plaintiffs' claims.

Plaintiffs assert both tort claims and claims for inverse condemnation against the Vineland Board of Education and the City of Vineland. Plaintiffs allege that the Board, by constructing its school building at a location and in a manner which caused flooding to their farmland, was maintaining a nuisance and committing a trespass or other negligent tort, or had "taken" their property by the exercise of its power of eminent domain. They also contend that the City acted tortiously or is liable for a "taking" because it failed to install proper drainage facilities under

---

interests in it as owners or lessees appear to have joined as plaintiffs. The details of the individual plaintiffs' real property interests are irrelevant to the issues presented by this appeal.

[2] The City is a municipal corporation which is separate from the Board of Education.

or along a street abutting their property, thereby exacerbating the flooding.

The motion judge ruled, and we agree, that, pursuant to the Tort Claims Act, *N.J.S.A.* 59:8–7, –8, filing a notice of claim within ninety days and commencing suit within two years after the "accrual" of plaintiffs' cause of action was a prerequisite to their maintaining any of their nuisance, trespass or other tort claims against the Vineland Board of Education and the City of Vineland. *See N.J.S.A.* 59:1–2; *Polyard v. Terry,* 160 *N.J.Super.* 497, 506, 390 *A.*2d 653 (App.Div.1978), *aff'd. o.b.,* 79 *N.J.* 547, 401 *A.*2d 532 (1979); *Birchwood Lakes Colony Club v. Medford Lakes,* 90 *N.J.* 582, 449 *A.*2d 472 (1982). Plaintiffs' claims are also subject to *N.J.S.A.* 2A:14–1, which requires "every action at law for trespass to real property [and] for any tortious injury to real ... property ..." to be "commenced within 6 years next after the cause of any such action shall have accrued." *See Rosenau v. City of New Brunswick and Gamon Meter Co.,* 51 *N.J.* 130, 137–40, 238 *A.*2d 169 (1968) (cause of action for negligent injury to real property is governed by *N.J.S.A.* 2A:14–1 and, subject to discovery principle, accrues when injury occurs).

Compliance with the Tort Claims Act was not a prerequisite to plaintiffs' pursuing their claims for inverse condemnation. *See Estate of McGrath v. North Jersey Dist. Water Supply Comm'n,* 224 *N.J.Super.* 563, 570, 540 *A.*2d 1350 (Law Div.1986); *cf. Lloyd v. Borough of Stone Harbor,* 179 *N.J.Super.* 496, 512, 432 *A.*2d 572 (Ch.Div.1981). However, plaintiffs' claims of inverse condemnation are subject to the six-year statute of limitations, *N.J.S.A.* 2A:14–1. *See Morey v. Essex County,* 94 *N.J.L.* 427, 430, 110 *A.* 905 (E. & A.1920); *Harisadan v. East Orange,* 187 *N.J.Super.* 65, 70, 453 *A.*2d 888 (App.Div.1982); *Blazer Corporation v. N.J. Sports and Exposition Authority,* 195 *N.J.Super.* 542, 552–553, 480 *A.*2d 953 (L.Div.1984), *aff'd on other grounds,* 199 *N.J.Super.* 107, 488 *A.*2d 1025 (App.Div.1985). *See also* Charles C. Marvel, Annotation, *Inverse Condemnation—Limitations,* 26 *A.L.R.*4th 68 (1983).

■ Plaintiffs served their notice of claim on the Vineland Board of Education on June 11, 1990. Plaintiffs concede that their causes of action against the Board accrued long before April 19, 1990—the date ninety days before service of their notice on the Board—and that the conditions which caused the flooding had been rectified by May 1990. Consequently, the notice requirement of the Tort Claims Act, *N.J.S.A.* 59:8–7, –8, barred any of plaintiffs' claims against the Vineland Board of Education based on nuisance or other tort, with one possible exception. The record submitted to us does not exclude the possibility that plaintiffs' crops or farmlands were damaged by flooding between April 19, 1990 and the elimination of the cause of the flooding in May 1990. A separate cause of action accrued with each incursion of floodwater. *Morey v. Essex County,* 94 *N.J.L.* 427, 430, 110 *A.* 905 (E. & A.1920); *Delaware & Raritan Canal Co. v. Lee,* 22 *N.J.L.* 243, 251 (Sup.Ct.1849); *Delaware & Raritan Canal Co. v. Wright,* 21 *N.J.L.* 469, 470 (Sup.Ct.1848). Therefore, no time bar precludes plaintiffs from a tort recovery for damage sustained between April 19, 1990 and rectification of the flooding condition in May 1990.

■ Plaintiffs served their notice of claim on the City of Vineland on August 24, 1987, and filed their complaint on July 18, 1990. The time bar limiting plaintiffs' nuisance, trespass and other tort claims against the City is established by *N.J.S.A.* 59:8–8b ("The claimant shall be forever barred from recovering against a public entity if ... b. Two years have elapsed since the accrual of the claim....") *See Tower Marine, Inc. v. City of New Brunswick,* 175 *N.J.Super.* 526, 420 *A.*2d 1029 (Ch.Div.1980). Since plaintiffs served their notice of claim on the City on August 24, 1987, they must have "discovered" those claims before that date. Their claims for damages therefore began to accrue no later than August 24, 1987. Consequently, since they filed their complaint July 18, 1990, their only nuisance, trespass or other tort claims against the City which are not barred by the two-year period of limitations of the Tort Claims Act, *N.J.S.A.* 59:8–8, are claims for damage, if any, sustained between July 18, 1988 and May 1990.

*See Rosenau v. New Brunswick, supra* (subject to discovery rule, tort claim accrues when injury occurs).

■ As previously mentioned, *N.J.S.A.* 2A:14–1 required plaintiffs to institute their inverse condemnation action within six years after the accrual of their claims, but those claims continued to accrue as long as the Board's conduct caused the plaintiffs' property to be subject to continual flooding. *See Morey v. Essex County, supra; Harisadan v. East Orange, supra. Cf. Delaware & Raritan Canal Co. v. Lee, supra,* 22 *N.J.L.* at 251; *Delaware & Raritan Canal Co. v. Wright, supra,* 21 *N.J.L.* at 470. Because the motion judge dismissed plaintiffs' claims solely on the ground that they were time barred, we will assume that, as plaintiffs allege, the actions of the Board and of the City constituted temporary "takings[3]." On that assumption, plaintiffs would be entitled to recover for injuries amounting to takings which their property sustained after July 18, 1984. They allege that they suffered injury to their crops and farmland beginning after 1985 or 1986. Consequently, we do not have to consider whether the record establishes that the accrual of their cause of action was postponed until a later discovery.

■ Plaintiffs' claims against Glenn A. Kahley, the architect for the school building, and Art Anderson, Inc., the general contractor, allege only that these defendants were negligent in preparing the plans for the building and supervising its construction. Both of those defendants rely on *N.J.S.A.* 2A:14–1; Art Anderson, Inc.

---

[3] The motion judge did not expressly decide whether plaintiffs' cause of action for inverse condemnation would survive the motions for summary judgment. However, the final judgment in this matter, apparently entered without objection as to form, purports to dismiss plaintiffs' complaint "as to all counts." Plaintiffs argue inverse condemnation in their briefs to our court, but the defendants' arguments do not discuss that cause of action. We have not attempted to decide whether the flooding which plaintiffs allege amounts to a taking by either the Board of Education or the City or both. See *Hawkins v. City of La Grande,* 315 Or. 57, 843 *P.2d* 400, 405–409 (1992); *Cf. Doremus v. City of Paterson,* 73 *N.J.Eq.* 474, 69 *A.* 225 (Ch.Div.1908); *Miller v. City of Morristown,* 47 *N.J.Eq.* 62, 20 *A.* 61 (Ch.Div.1890), *aff'd* 48 *N.J.Eq.* 645, 25 *A.* 20 (E. & A.1891).

also relies on *N.J.S.A.* 2A:14–1.1[4]. Unless the running of the period of limitations established by *N.J.S.A.* 2A:14–1 was tolled by the discovery principle, that statute bars plaintiffs' claims for injuries sustained before July 19, 1984. We conclude that *N.J.S.A.* 2A:14–1 was not tolled because plaintiffs Thomas and Mario Russo testified that they knew more than six years before the commencement of their suit that the construction of the school was diverting large quantities of rain water onto their lands and that the resulting flooding was at least threatening them with damage.

■ However, in accordance with the authorities already cited, we agree with plaintiffs that a new tort accrued with each new incursion of floodwater that damaged their crops or farmlands. The plaintiffs are not entitled to recover for flood damage before July 19, 1984, but they are entitled to recover against Kahley and, except for the possibly immunizing effect of *N.J.S.A.* 2A:14–1.1, against Art Anderson, Inc. for all new damage which occurred less than six years before the commencement of their suit. *See Stanley Development Co. v. Millburn Tp.,* 26 *N.J.Super.* 328, 331–32, 97 *A.2d* 743 (App.Div.1953) ("[E]ven where the concept of continuing wrong has been applied, recovery is ordinarily permitted only with respect to damages sustained during the period of limitations preceding the suit."), citing *Morey v. Essex County,* 94 *N.J.L.* 427, 110 *A.* 905 *supra; Church of Holy Communion v. Paterson, Extension R. Co.,* 66 *N.J.L.* 218, 49 *A.* 1030 (E. & A.1901); *Delaware & Raritan Canal Co. v. Lee, supra,* 22 *N.J.L.* at 243; and *Delaware & Raritan Canal Co. v. Wright, supra,* 21 *N.J.L.* at 469.

■ A certificate of occupancy was issued for the school building on September 5, 1979, when the project was substantially completed. However, the record on appeal includes a punch list

---

[4] Kahley does not challenge the motion judge's ruling on summary judgment, issued before those which are the subject of the present appeal, that he is not immunized from liability by *N.J.S.A.* 2A:14–1.1.

dated August 15, 1979 consisting of eight pages of unfinished construction tasks. According to the architect's certificate for payment, those tasks were fully completed by April 11, 1980. Upon payment to Art Anderson, Inc. of $51,810.65 on approximately June 24, 1980 in accordance with the architect's certificate, only $10,000 of retainage was still withheld to cover items which Art Anderson, Inc. had not yet supplied. (The total contract price, including net change orders, was $1,283,213.00.) According to the contractor's secretary, "by November 7, 1980 . . . only some miscellaneous components [were] still awaiting delivery. . . ." The record does not contain any documentation of what those "miscellaneous components still awaiting delivery" were. During oral argument before the Law Division, the contractor's attorney characterized the missing items only as "touch-up items." On February 20, 1981, the architect reported that all remaining punch list items had been completed and he approved release of the remaining $10,000.

*N.J.S.A.* 2A:14–1.1 [5] provides:

> No action whether in contract, in tort, or otherwise to recover damages for any deficiency in the design, planning, supervision or construction of an improvement to real property, or for any injury to property, real or personal . . . arising out of the defective and unsafe condition of an improvement to real property . . . shall be brought against any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property, *more than 10 years after the performance or furnishing of such services and construction.*

[Emphasis added.]

Since plaintiffs filed their complaint July 18, 1990, Art Anderson, Inc. is immune from plaintiffs' damage claims if the ten-year

---

[5] The parties have all assumed that *N.J.S.A.* 2A:14–1.1 is applicable. Since the issue has not been argued and plaintiffs have not specified the "deficiency in the design, planning, supervision or construction . . . or . . . defective and unsafe condition of [the] improvement to real property" for which they contend Art Anderson, Inc. is responsible, we have also assumed the applicability of the statute. But *cf. E.A. Williams, Inc. v. Russo Development Corp.,* 82 *N.J.* 160, 411 *A.*2d 697 (1980) (*N.J.S.A.* 2A:14–1.1 is inapplicable to claim against a surveyor for the mislocation of a building which did not create a hazardous or unsafe condition in the building, but only resulted in inconvenience and expense to the owner).

period for commencing their action began to run on April 11, 1980, when only a few punch list items remained to be completed for which the Vineland Board of Education retained $10,000 out of a total contract price of $1,283,213. However, Art Anderson, Inc. is not protected from liability if the ten-year period did not begin to run until February 20, 1981, when those remaining items were completed.

No New Jersey decision has squarely decided whether the ten-year period for commencing an action like the present one against a general contractor dates from the substantial completion of construction or only from its full completion.[6] However, in *Welch v. Engineers, Inc.*, 202 *N.J.Super.* 387, 397, 495 *A.2d* 160 (App.Div. 1985), we declared:

> We conclude that the date when the ten-year time-bar matures under *N.J.S.A.* 2A:14–1.1 and the period of repose begins must be measured from the final date the person claiming repose and immunity from suit furnishes any and all services or construction which it has undertaken at the job site.

That statement of the law was quoted with approval by our Supreme Court in *Horosz v. Alps Estates, Inc.*, 136 *N.J.* 124, 131, 642 *A.2d* 384 (1994). It leads us to the conclusion that since Art Anderson, Inc. concedes that it performed at least some work on the school construction project or furnished some supplies or materials on or after July 18, 1980, plaintiffs' claims against it are not barred by *N.J.S.A.* 2A:14–1.1, although they remain subject to *N.J.S.A.* 2A:14–1.[7]

Two other considerations bolster our conclusion that the ten-year period under *N.J.S.A.* 2A:14–1.1 commences only when the defendant contractor has fully performed all of its contractual

---

[6] In *Mahony–Troast Constr. v. Supermarkets Gen'l,* 189 *N.J.Super.* 325, 460 *A.2d* 149 (App.Div.1983), an action seeking damages for deficiencies in the design and installation of a roof, the statute of limitations ran from the date of substantial completion of the entire structure. However, the pertinent statute of limitations was the six-year, accrual statute. *See id.* at 330, 460 *A.2d* 149.

[7] *Cf. W.V. Pangborne & Co. v. N.J. DOT,* 116 *N.J.* 543, 553, 562 *A.2d* 222 (1989) (" 'completion' in public works contracts is the acceptance of the project, usually accompanied by final payment.").

obligations, completely furnished all of its agreed services, and entirely completed the construction project. First of all, we "must assume that the Legislature is mindful that immunity from liability for the negligent infliction of injury upon others is not favored in the law." *Welch v. Engineers, Inc., supra,* 202 N.J.Super. at 397, 495 A.2d 160, quoting *Harrison v. Middlesex Water Company,* 80 *N.J.* 391, 401, 403 A.2d 910 (1979). The construction of the statute which we have adopted is consistent with that assumption. Secondly, the date of full completion will generally be provable by showing when the last retainage was released. That is an event which is very likely to have generated a financial, accounting, or other record. Proof of the date of commencement of the ten-year period will often be required years afterwards. Consequently, a rule which measures the commencement of the ten-year period from an event that is likely to be documented is preferable to a rule which measures the commencement from "substantial completion," a much more nebulous and less readily provable condition.

The case is remanded to the Law Division for further proceedings not inconsistent with this opinion.