

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-27-1996

# 287 Corp Ctr Assoc v. Bridgewater Twp.

Precedential or Non-Precedential:

Docket 95-5164

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

## Recommended Citation

"287 Corp Ctr Assoc v. Bridgewater Twp." (1996). *1996 Decisions.* Paper 33.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/33

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 95-5164
_____


287 CORPORATE CENTER ASSOCIATES,
                              Appellant

v.

THE TOWNSHIP OF BRIDGEWATER, A Municipal
Corporation of the State of New Jersey


_____


On Appeal from the United States District Court
        for the District of New Jersey
      (D.C. Civil Action No. 94-cv-03686)
           _____


Submitted Pursuant to Third Circuit LAR 34.1(a)
              October 31, 1996

    Before:  SCIRICA and COWEN, Circuit Judges
         and POLLAK, District Judge*

        (Filed November 27, 1996)


                    ROY E. KURNOS, ESQUIRE
                    Belsole & Kurnos
                    3 Prospect Street
                    Morristown, New Jersey 07960

                      Attorney for Appellant


                    WILLIAM W. LANIGAN, ESQUIRE
                    Law Offices of William W. Lanigan
                    361 Vanderveer Avenue
                    Somerville, New Jersey 08876-3360

                      Attorney for Appellee



*The Honorable Louis H. Pollak, United States District Judge for
the Eastern District of Pennsylvania, sitting by designation.

—————————————

OPINION OF THE COURT

—————————————


SCIRICA, Circuit Judge.

        In this inverse condemnation action, 287 Corporate
Center Associates ("Associates") sued the Township of Bridgewater
("Township") under 42 U.S.C. § 1983 and the Fifth Amendment of
the United States Constitution for allegedly taking its property
without just compensation.  The district court dismissed the case
as time-barred under the applicable statute of limitations.
Associates has appealed.  We will affirm.
                              I.
        The district court had subject matter jurisdiction
under 28 U.S.C. § 1331.  We have jurisdiction under 28 U.S.C.
§ 1291.  Our review is plenary.  See Nelson v. County of
Allegheny, 60 F.3d 1010, 1012 (3d Cir. 1995), cert. denied, 116
S. Ct. 1266 (1996).
                             II.
        Associates owns a piece of property (Lot l2) in
Bridgewater Township, New Jersey.  Lot l2 is a 39 acre tract
split-zoned into two categories:  approximately one half is zoned
single family residential; the remainder is zoned for office and
service facilities.  After various proposals to develop Lot l2,
Associates entered into a developer's agreement with the township
planners.
        Associates contends that under the developer's
agreement and the Township's zoning scheme, it has been unable to
develop its property.  Specifically, Associates asserts it was
forced to accept conditions as part of the developer's agreement
which restricted the lot from being developed and foreclosed
proper access to the site.  Associates also contends the dual
zoning designation prevented Lot l2 from being developed in
accordance with either the residential or the commercial zoning
ordinance.
        Associates brought an inverse condemnation suit against
the Township under 42 U.S.C. § l983 and the Fifth Amendment of
the United States Constitution.  The complaint alleged both a
regulatory taking and a physical taking, and it sought damages or
in the alternative an injunction directing the Township to zone
the entire Lot l2 "commercial" and permit reasonable access to
the property.  The facts alleged in the complaint occurred
between 1981 and 1985, but suit was not filed until August 2,
1994.  The Township filed a motion to dismiss the complaint as
time-barred under New Jersey's two year statute of limitations
for personal injury actions.  The district court granted the
motion to dismiss and Associates appeals, contending
alternatively its claims should be exempt from any statute of
limitations or subject to a limitations period of six or twenty
years.  Associates also contends that, regardless of which
statute of limitations applies, the limitations period has not

yet expired.

### III.

A.      No Exemption from the Statute of Limitations

Associates argues that actions to recover just compensation for the taking of property should not be restricted by the application of a statute of limitations.  In its brief, Associates asserts, "[T]he legislature has placed the burden on the defendant to acquire the property it needs through condemnation.  Because this action is brought about as a result of the defendant's failure to use its eminent domain powers, it would be unjust to allow the defendant to circumvent its obligation to make compensation by raising the statute of limitations."  (Appellant's Br. at 14.)

We agree with Associates that the standard mode of taking is through a sovereign's use of its eminent domain powers.  But when, as would be customary in an inverse condemnation suit, it is alleged that a governmental body has effectuated a taking without recourse to eminent domain proceedings, "[s]uch a taking . . . shifts to the landowner the burden to discover the encroachment and to take affirmative action to recover just compensation."  United States v. Clarke, 445 U.S. 253, 257 (1980).  We see no reason why shouldering that burden does not carry with it the obligation to initiate suit within the time specified by the appropriate statute of limitations.  Associates' argument, therefore, lacks merit.

Associates also contends the policy underlying statutes of limitations is not advanced by its application to inverse condemnation actions.  But federal causes of action are subject to time limitations.  "A federal cause of action `brought at any distance of time' would be `utterly repugnant to the genius of our laws.'"  Wilson v. Garcia, 471 U.S. 261, 271 (1985) (quoting Adams v. Woods, 6 U.S. (2 Cranch) 336, 342 (1805)).

B.      The Applicable Statute of Limitations

Neither 42 U.S.C. § 1983 nor the Fifth Amendment contains a limitations period.  When Congress has not established a time limitation for a federal cause of action, we must look to the most "appropriate" or "analogous" state statute of limitations.  Wilson, 471 U.S. at 268.

1.   42 U.S.C. § 1983

In Wilson v. Garcia, the Supreme Court determined that the most appropriate statute of limitations in a § 1983 action is the state personal injury statute.  See Wilson, 471 U.S. at 276.  Accordingly, the district court applied New Jersey's two year personal injury statute to Associates' § 1983 claim and dismissed it as time-barred.  Associates asserts its cause of action is not analogous to the one in Wilson.  But the directive in Wilson is clear.  The Court recognized that not all § 1983 claims fit perfectly within the "personal injury" category, but found nonetheless that "a simple, broad characterization of all § 1983 claims best fits the statute's remedial purpose."  Id. at 272.  See also Gavalik v. Continental Can Co., 812 F.2d 834, 843 (3d Cir.) ("[A] uniform time limit for all § 1983 actions -- regardless of the nature of the precise claim -- must be applied . . . ."), cert. denied, 484 U.S. 979 (1987).  Therefore, we will

affirm the district court's application of New Jersey's two year statute of limitations to Associate's § 1983 action. See, e.g., McMillan v. Goleta Water Dist., 792 F.2d 1453 (9th Cir. 1986) (applying personal injury statute of limitations to § 1983 action for inverse condemnation), cert. denied, 480 U.S. 906 (1987).

### 2. Fifth Amendment to the United States Constitution

Associates also brought suit under the Fifth Amendment. Following Wilson v. Garcia, some Courts of Appeals, for purposes of consistency, have applied the personal injury statute of limitations to actions brought directly under the Constitution. See, e.g., Bieneman v. City of Chicago, 864 F.2d 463, 469-70 (7th Cir. 1988) (action brought directly under 5th Amendment), cert. denied, 490 U.S. 1080 (1989); Chin v. Bowen, 833 F.2d 21 (2d Cir. 1987) (action brought directly under 14th Amendment).

Associates contends, however, that we should ignore Wilson and instead apply the most analogous state statute of limitations. Associates argues for the application of New Jersey's twenty year statute of limitations, N.J. Stat. Ann. § 2A:14-7, which provides, "Every action at law for real estate shall be commenced within 20 years next after the right or title thereto, or cause of such action shall have accrued." But in New Jersey, the most analogous state statute provides a six year limitations period. See N.J. Stat. Ann. § 2A:14-1. Although the statute does not explicitly reference inverse condemnation actions, New Jersey decisional law indicates it is the proper statute of limitations in such cases. See, e.g., Russo Farms, Inc. v. Vineland Bd. of Educ., 655 A.2d 447, 450 (N.J. Super. Ct. App. Div. 1995) (applying six year statute of limitations to inverse condemnation action), aff'd in part and rev'd in part, 675 A.2d 1077 (N.J. 1996) (issue not raised on appeal); Harisadan v. City of East Orange, 453 A.2d 888, 890 (N.J. Super. Ct. App. Div. 1982) (applying six year statute of limitations to inverse condemnation action). Therefore, regardless of which approach we take, at most this claim is subject to a six year statute of limitations.

The facts underlying the alleged taking occurred between 1981 and 1985. Associates did not file suit until August 2, 1994, well after the time limit under both the two year and six year statutes of limitations.

### C. The Limitations Period Has Expired

#### 1. This is Not a Continuing Wrong

Associates contends the taking of its property amounts to a "continuing wrong," which effectively tolls the statute of limitations. We have held that under proper circumstances, the "continuing wrong" doctrine may apply:

> In most federal causes of action, when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period . . . .

Brenner v. Local 514, United Bhd. of Carpenters and Joinders of Am., 927 F.2d 1283, 1295 (3d Cir. 1991). The focus is on the

defendant's "affirmative[] act[s]." Id. at 1296.

The Township has not committed an affirmative act since 1985. The facts of the alleged taking stabilized almost ten years before Associates filed its lawsuit. Associates is unable to allege facts which might bring it under the "continuing wrong" doctrine. See United States v. Dickinson, 331 U.S. 745, 749 (1947) (holding that a landowner may "postpon[e] suit until the situation becomes stabilized.").

2.    Associates' Cause of Action was Not Created by Lucas v. South Carolina Coastal Council, 505 U.S. 1003 (1992).

Associates claims its cause of action did not exist, and the limitations period did not start to run, until the Supreme Court held in Lucas v. South Carolina Coastal Council, 505 U.S. 1003 (1992), that a taking occurs when government regulation denies a property owner of all economically viable use of his property. But the court in Lucas emphasized there was nothing new to its finding that a taking occurs "where regulation denies all economically beneficial or productive use of land." Id. at 1015 (citing Agins v. City of Tiburon, 447 U.S. 255, 260 (1980); Nollan v. California Coastal Comm'n, 483 U.S. 825, 834 (1987); Keystone Bituminous Coal Ass'n v. DeBenedictis, 480 U.S. 470, 495 (1987); Hodel v. Virginia Surface Mining & Reclamation Ass'n, Inc., 452 U.S. 264, 295-96 (1981)). Where a decision of the Court applies a rule that the Court has already set forth on "numerous occasions," Lucas, 505 U.S. at 1016, that decision cannot be said to create any new causes of action. Therefore, this argument fails as well.

3.    Equitable Tolling

Associates asserts its equitable defenses to the Township's timeliness argument should preclude dismissal on the pleadings. Associates never raised this issue before the district court. Rather it raised the "equitable tolling" theory for the first time in its appellate brief. Ordinarily we will not consider allegations initially raised on appeal. See McCray v. Corry Mfg. Co., 61 F.3d 224, 226 n.2 (3d Cir. 1995).

In any event, equitable tolling does not apply here. There are no allegations, at least from 1985 on, the Township "actively misled" Associates into forgoing prompt action to vindicate its rights. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994).

IV. Conclusion

For the foregoing reasons, we will affirm the judgment of the district court.