**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3095
_____

ISAAC W. SANDERS,
                                        Appellant

v.

PENNSYLVANIA'S STATE SYSTEM OF HIGHER EDUCATION; EAST
STROUDSBURG UNIVERSITY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-18-cv-01423)
District Judge: Hon. A. Richard Caputo
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 30, 2020
_____

Before: GREENAWAY, JR., PORTER, and MATEY, *Circuit Judges*.

(Opinion Filed: April 29, 2020)
_____

OPINION[*]
_____

GREENAWAY, JR., *Circuit Judge*.

        In this case, we must decide whether Eleventh Amendment sovereign immunity

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not
constitute binding precedent.

protects Pennsylvania's State System of Higher Education and its constituent universities. For the reasons set forth below, we will affirm.

## I. BACKGROUND

Plaintiff-Appellant Isaac W. Sanders ("Sanders") sued Defendants-Appellees Pennsylvania's State System of Higher Education ("PASSHE") and East Stroudsburg University (collectively, "Defendants") under 42 U.S.C. § 1983. Sanders argues that Defendants violated his Fourth and Fourteenth Amendment rights by engaging in "stigmatizing conduct" that has destroyed Sanders's "good name, reputation, honor and integrity." JA9. He also alleged various causes of action under state law, including intentional infliction of emotional distress and defamation. Sanders filed his first complaint on July 17, 2018. The following facts are taken from Sanders's second amended complaint.

In 2007, Sanders was employed at East Stroudsburg University as the Vice President for Advancement, head of the Advancement Office, and the Chief Executive Officer of the East Stroudsburg University Foundation. In August 2007, a student filed a sexual harassment complaint against Sanders with the University's Office of Diversity and Equal Opportunity. Later that fall, the University received five anonymous letters making various complaints against Sanders, some of which alleged that Sanders was responsible for "financial misdeeds" and "sexual predatory behavior." JA24. After an investigation, the University president decided that there was insufficient evidence to support the student's allegations and closed the matter. The University also performed a forensic audit of the foundation, which found no financial misdeeds. However,

2

PASSHE's counsel sent the anonymous complaints to the FBI.

Additional complaints followed in 2008, some of which were covered in a local paper. Sanders was then placed on administrative leave while an outside law firm conducted an investigation. Based on this investigation, "Counsel for PASSHE concluded that sufficient evidence of sexual harassment existed despite previous conclusions of the first two investigations conducted by President Dillman, Provost Borland, and/or their designees." JA36.

Sanders was terminated on October 22, 2008. According to Sanders, public comments by members of the PASSHE board, including the Governor of Pennsylvania, perpetuated a public perception that Sanders was guilty of criminal sexual acts against students. Sanders alleges that Defendants have not attempted to remedy the reputational harm that these incidents beset upon him.

Six students filed a civil lawsuit against Sanders and other state defendants in February 2009. The jury returned its verdict for Sanders in October 2014. This Court affirmed and denied the plaintiffs' petition for rehearing en banc in 2017. Defendants never provided Sanders with defense counsel and did not agree to indemnify him for his costs, even though the Commonwealth of Pennsylvania represented the other defendants in the lawsuit.

The Pennsylvania Attorney General issued an apology to the student plaintiffs in 2018. The Attorney General also withdrew its bill of costs against the unsuccessful plaintiffs.

Sanders initially filed suit against PASSHE, East Stroudsburg University, and

3

several individual defendants. The District Court granted the individual defendants' motion to dismiss on April 17, 2019. Sanders then filed a second amended complaint. The District Court granted PASSHE and East Stroudsburg University's motion to dismiss on August 14, 2019. Sanders timely appealed.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review grants of motions to dismiss *de novo*. *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n.1 (3d Cir. 2014). "[W]e accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). We may affirm on any basis which finds support in the record, even if the district court did not reach it. *See Kabakjian v. United States*, 267 F.3d 208, 213 (3d Cir. 2001).

## III. DISCUSSION

Defendants argue that we should affirm the District Court's dismissal because Sanders's claims are barred by the Eleventh Amendment. We agree.

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The purpose of Eleventh Amendment is to protect "the States' solvency and dignity." *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 52 (1994); *see also Maliandi v. Montclair State Univ.*, 845 F.3d 77, 83 (3d Cir.

4

2016) ("[The Eleventh Amendment] has evolved into a potent tool for States to ensure that States retain their sovereignty and integrity as constituent polities of our national government."). To further this goal, the Amendment "has been interpreted by the Supreme Court to shield States and certain State-affiliated entities from suits for damages in federal court." *Bradley v. W. Chester Univ. of Penn. State Sys. of Higher Educ.*, 880 F.3d 643, 654 (3d Cir. 2018). The Amendment protects a state from suit by its own citizens as well. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). There are exceptions to sovereign immunity. A state may consent to suit in federal court and thereby waive its immunity, or Congress may abrogate states' immunity via legislation. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 (3d Cir. 1996).

We perform a "fact-intensive, three-step balancing test" to determine whether a state institution is protected by Eleventh Amendment immunity. *Maliandi*, 845 F.3d at 83. Specifically, we look at: (1) whether the state treasury would pay for an adverse judgment against the institution; (2) the status of the institution under state law; and (3) the degree of autonomy from state control that the institution maintains. *Id.* If a federal court determines that a state institution is protected by Eleventh Amendment immunity, the suit against that institution must be dismissed, as the court does not have jurisdiction. *See, e.g., id.* at 99 (holding that, unless the district court determined on remand that the state waived its immunity, the suit must be dismissed); *Blanciak*, 77 F.3d at 693 n.2 ("[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction.").

5

In *Bradley*, we performed this three-part test and decided that PASSHE and its universities are so protected. We therefore affirmed the dismissal of the appellant's § 1983 complaint against PASSHE and one of its universities. *Bradley*, 880 F.3d at 654. Sanders has not offered any basis on which to distinguish his case from *Bradley*. Indeed, Sanders has not even responded to Defendants' Eleventh Amendment argument, either before this Court or before the District Court. We therefore affirm the District Court's dismissal of PASSHE and East Stroudsburg University because they are protected by Eleventh Amendment sovereign immunity.[1]

## IV. CONCLUSION

For the reasons set forth above, we will affirm.

---

[1] Although Eleventh Amendment immunity is the death knell of Plaintiff's appeal, any consideration of the merits is also foreclosed by Sanders's failure to comply with the applicable two-year statute of limitations. Contrary to Sanders's contention, the continuing violations doctrine does not apply here. Sanders has not alleged that Defendants committed any affirmative acts in the limitations period. *See 287 Corp. Ctr. Assocs. v. Twp. of Bridgewater*, 101 F.3d 320, 324 (3d Cir. 1996) (noting that the focus of the continuing violations doctrine is on whether the defendant committed any affirmative acts in the limitations period). The two affirmative acts that Sanders alleges in his complaint (his termination and Defendants' failure to provide him with defense counsel in the civil suit) took place in 2008 and 2009 respectively. By his own admission, Sanders was aware of these acts when they occurred. *See Montanez v. Sec'y Pa. Dep't of Corrs.*, 773 F.3d 472, 481 (3d Cir. 2014) ("[T]he continuing violation doctrine does not apply when the plaintiff is aware of the injury at the time it occurred.") (internal quotation marks omitted). Sanders's allegations within the limitations period are no more than "continual ill effects" from Defendants' original affirmative acts. *Id.*

Further, the District Court did not err in dismissing Sanders's complaint at the Rule 12(b)(6) stage, as it was "apparent on the face of [Sanders's] complaint" that he failed to bring his claim within the statute of limitations. *See Fried v. JP Morgan Chase & Co.*, 850 F.3d 590, 604 (3d Cir. 2017) (quoting *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)).