NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4292-13T3

THE PALISADES AT FORT LEE
CONDOMINIUM ASSOCIATION, INC.,

 Plaintiff-Appellant,

v.

100 OLD PALISADE, LLC., CRESCENT
HEIGHTS OF AMERICA, INC., CRESCENT
HEIGHTS ACQUISITIONS, LLC, 100 OLD
PALISADE HOLDINGS, LLC, 100 OLD
PALISADE HOLDINGS II, LLC, 100
OLD PALISADE HOLDINGS III, LLC.,
EREZ BASHARI, PEIRU WEN, LENNY
WARSHAW, NISSIM LANCIANO, SHARON
CHRISTENBURY, JOSEPH ZDON, PABLO
DE ALMAGRO, EPHRAIM BASHARI,
SONNY KAHN, individually and as
Trustee of the SK Business Trust,
SK BUSINESS TRUST, RUSSELL
W. GALBUT, individually and as
Trustee of the RF Business Trust,
RF BUSINESS TRUST, BRUCE A. MENIN,
individually and as Trustee of the
MENIN 1998 FAMILY TRUST, MENIN 1998
FAMILY TRUST, F&G MECHANICAL CORP.,
MANNIX EXTERIOR WALL SYSTEMS, INC.,
SOUTH SHORE CONTRACTING, INC.,
PATWOOD CONTRACTING CO., INC.,
d/b/a PATWOOD ROOFING, MTA CORP.,
MAARV WATERPROOFING, B&B IRON
WORKS, INC., RAY ENGINEERING, INC.,
STEVEN W. RAY, P.E., METRO GLASS,
INC., and ROMITCH CO.,

 Defendants,

and

AJD CONSRUCTION CO., INC., LUXURY
FLOORS, INC., BENFATTO MASONRY, INC.,
and FORSA CONSTRUCTION, INC.,

 Defendants-Respondents.
______________________________________

100 OLD PALISADE, LLC., CRESCENT
HEIGHTS OF AMERICA, INC., CRESCENT
HEIGHTS ACQUISITIONS, LLC, 100 OLD
PALISADE HOLDINGS, LLC, 100 OLD
PALISADE HOLDINGS II, LLC, 100
OLD PALISADE HOLDINGS III, LLC.,
EREZ BASHARI, PEIRU WEN, LENNY
WARSHAW, NISSIM LANCIANO, SHARON
CHRISTENBURY, JOSEPH ZDON, PABLO
DE ALMAGRO, EPHRAIM BASHARI,
SONNY KAHN, individually and as
Trustee of the SK Business Trust,
SK BUSINESS TRUST, RUSSELL
W. GALBUT, individually and as
Trustee of the RF Business Trust,
RF BUSINESS TRUST, BRUCE A. MENIN,
individually and as Trustee of the
MENIN 1998 FAMILY TRUST, MENIN 1998
FAMILY TRUST,

 Defendants/Third-Party
 Plaintiffs,

v.

APPLIED PROPERTY MANAGEMENT CO.,
INC., a/k/a APPLIED DEVELOPMENT
COMPANY, IRONSTATE DEVELOPMENT
COMPANY, a/k/a IRONSTATE DEVELOPMENT,
LLC, IRONSTATE HOLDINGS, LLC.,
COSTAS KONDYLIS & ASSOCIATES, P.C.,
COSTAS KONDYLIS & PARTNERS, LLP.,
CONSTANTINE A. KONDYLIS, a/k/a
COSTAS KONDYLIS, GOLDSTEIN
ASSOCIATES CONSULTING ENGINEERS,
P.C.,

 Defendants/Third-Party
 Defendants.
______________________________________________

 2 A-4292-13T3
AJD CONSTRUCTION CO., INC.,

 Third-Party Plaintiff,

v.

PATWOOD CONTRACTING CO., INC.,
d/b/a PATWOOD ROOFING, MTA
CORP., MAARV WATERPROOFING, INC.,
BENFATTO CONSTRUCTION CORP.,
B&B IRON WORKS, INC.,

 Third-Party Defendants.
______________________________________________

SOUTHSHORE CONTRACTING, INC.,

 Third-Party Plaintiff,

v.

ARQ PAINTING & CONTRACTING, INC.,

 Third-Party Defendant.
_____________________________________________

APPLIED PROPERTY MANAGEMENT CO., INC.,
THE PALISADES A/V COMPANY, LLC,
APPLIED PALISADES, LLC, APPLIED
DEVELOPMENT COMPANY, INC., improperly
pleaded as d/b/a APPLIED DEVELOPMENT
COMPANY, IRONSTATE DEVELOPMENT, LLC,
IRONSTATE HOLDINGS, LLC,

 Fourth-Party Plaintiffs,

v.

WENTWORTH PROPERTY MANAGEMENT
CORPORATION, WORTHMORE CONSTRUCTION
& MAINTENANCE CO., INC.,

 Fourth-Party Defendants.
_____________________________________________

 Argued November 10, 2015 – Decided February 1, 2016

 3 A-4292-13T3
 Before Judges Yannotti, Guadagno and
 Vernoia.

 On appeal from Superior Court of New Jersey,
 Law Division, Bergen County, Docket No.
 L-2306-09.

 Raymond A. Garcia (Garcia & Milas, P.C.) of
 the Connecticut bar, admitted pro hac vice,
 argued the cause for appellant (Lum, Drasco
 & Positan, LLC, and Mr. Garcia, attorneys;
 Paul A. Sandars, III, of counsel; Mr. Garcia,
 Mr. Sandars and Nicole Liguori Micklich
 (Garcia & Milas, P.C.) of the Connecticut
 and Rhode Island bar, on the brief).

 John H. Osorio argued the cause for
 respondent AJD Construction, Co., Inc.
 (Marshall Dennehey Warner Coleman & Goggin,
 attorneys; Pauline F. Tutelo, on the brief).

 Stephen C. Cahir argued the cause for
 respondent Luxury Floors, Inc. (Law Offices
 of William E. Staehle, attorneys; Mr. Cahir,
 on the brief).

 Mark D. Shifton argued the cause for
 respondent Benfatto Construction Corp.
 (Seiger Gfeller Laurie, L.L.P., attorneys;
 Mr. Shifton, of counsel; Mr. Shifton and
 Chester R. Ostrowski, on the brief).

 Eric S. Schlesinger argued the cause for
 respondent Forsa Construction (Golden,
 Rothschild, Spagnola, Lundell, Boylan &
 Garubo, P.C., attorneys; Mr. Schlesinger and
 Russ M. Patane, of counsel; Mr. Schlesinger,
 Mr. Patane and Daniel C. Seger, on the
 brief).

 Gene Markin argued the cause for amicus
 curiae Community Association Institute
 (Stark & Stark, P.C., attorneys; Mr. Markin
 and John Randy Sawyer, on the brief).

PER CURIAM

 4 A-4292-13T3
 The Palisades at Fort Lee Condominium Association, Inc.

(plaintiff or Association) appeals from orders entered by the

trial court on March 28, 2014, which granted summary judgment in

favor of defendants AJD Construction Co., Inc. (AJD), Forsa

Construction LLC (Forsa), Benfatto Construction Corp.

(Benfatto), and Luxury Floors, Inc. (Luxury). Plaintiff also

appeals from an order entered by the trial court on May 9, 2014,

which denied its motion for reconsideration. We reverse.

 I.

 The Palisades is a condominium located in the Borough of

Fort Lee, which contains an eleven-story parking structure, a

thirty-story residential tower, an open plaza and other

facilities. The Palisades has 538 residential dwellings and

units for commercial use. It appears that in the late 1970s, a

six-story parking garage had been built on the site but it

remained unfinished and unused.

 In 1998, Palisades A/V Acquisitions Co., LLC (A/V)

purchased the parking garage and adjacent property and

contracted with AJD to construct five additional floors on the

garage, the plaza, the residential tower and other facilities.

AJD hired various subcontractors to perform the work, including

Forsa, Benfatto and Luxury.

 Forsa built the addition to the garage and the building

structure. Benfatto constructed the exterior masonry walls, and

 5 A-4292-13T3
Luxury installed the finished floors in the common areas. In May

2002, construction was substantially completed, although

plaintiff claims some work continued to be performed until

October 2002.

 A/V thereafter operated The Palisades as a rental property

for about two years. On June 28, 2004, A/V sold the property to

100 Old Palisade, LLC (Old Palisade), which began the process of

converting it to the condominium form of ownership, pursuant to

the New Jersey Condominium Act (NJCA), N.J.S.A. 46:8B-1 to -38,

and filed an application for registration of the condominium

with the New Jersey Department of Community Affairs, as required

by the Planned Real Estate Development Full Disclosure Act

(PREDFDA), N.J.S.A. 45:22A-21 to -56.

 In January 2005, Old Palisade issued a public offering

statement, which included an engineering report prepared by Ray

Engineering, Inc. (Ray Engineering). Old Palisade also filed a

master deed which established The Palisades as a condominium. In

the public offering statement and master deed, Old Palisade is

identified as the sponsor of the conversion to condominium

ownership.

 Among other things, the master deed provides that upon its

filing, the sponsor shall be the owner of every unit, the

applicable related percentages of the property's common

elements, and certain limited common elements, which include the

 6 A-4292-13T3
parking spaces, terraces accessible from a unit, and storage

areas. The master deed states that the Association had been

established and would have responsibility for the

administration, operation and management of the condominium, the

common elements and its facilities.

 According to the master deed, the Association acts through

its Board of Directors (Board), pursuant to applicable law and

its by-laws. Initially, the sponsor has control of membership of

the Board. However, pursuant to NJCA, as units are conveyed,

membership of the Board expands, and Board members selected by

the sponsor are gradually replaced by members chosen by the unit

owners. Upon the sale of 75% of the units, full control of the

Board is transferred to the unit owners.

 The master deed further provides that the unit owners are

responsible for the maintenance and repair of their individual

units. The Association has responsibility for the maintenance

and repair of the common elements of the property, as defined in

the master deed. The Association is authorized to impose annual

common expense assessments upon the unit owners to maintain the

exterior of the building and the common elements. In addition,

the Association is responsible for maintenance and repairs

required in the limited common elements, although the

Association may pass those costs along to individual unit owners

who derive a benefit from those elements.

 7 A-4292-13T3
 In July 2006, following the sale of the required number of

units, the unit owners gained full control of the Association's

Board. The Association then retained The Falcon Engineering

Group (Falcon) to undertake an engineering evaluation of the

property. In May 2007, Falcon produced a report, which

identified various construction defects in the property,

including defects to the exterior walls, parking garage, roofs

and plaza terraces, and the landscaping. Falcon provided the

report to the Association's Board on June 13, 2007.

 On March 12, 2009, plaintiff filed a complaint in the Law

Division asserting claims against various parties, including

persons and entities involved in the conversion of the property

to condominium ownership. Plaintiff also asserted claims against

AJD, Luxury Floors and other parties that performed construction

work on the property.

 Plaintiff alleged that the construction defendants had

performed their work in a negligent, reckless and careless

manner; and also breached expressed and implied warranties

pertaining to the work. The claims against the construction

defendants were based on the findings in the Falcon Report.

 Thereafter, plaintiff amended its complaint eight times.

Plaintiff asserted claims against Benfatto in the Second Amended

Complaint, which was filed on December 3, 2009. It asserted

claims against Forsa in the Fifth Amended Complaint, which was

 8 A-4292-13T3
filed on April 21, 2011. Plaintiff alleged that Benfatto and

Forsa, like the other defendant contractors, were negligent,

reckless and careless in the performance of their work on the

project, and breached expressed and implied warranties related

thereto. In addition, various third and fourth-party claims were

asserted during the course of the trial court proceedings.

 II.

 The claims against all parties eventually were resolved,

except for plaintiff's claims against AJD, Forsa, Benfatto and

Luxury. After discovery was complete, these defendants filed

motions for summary judgment, arguing that plaintiff had not

asserted its claims against them within the time required by

N.J.S.A. 2A:14-1. Plaintiff opposed the motions. The judge heard

oral argument and thereafter filed a written opinion, in which

he concluded that the motions should be granted.

 In his opinion, the judge noted that, under N.J.S.A. 2A:14-

1, a cause of action for any tortious injury to property or for

recovery on a contract claim must be commenced within six years

after the cause of action has accrued. The judge stated that in

construction cases, the cause of action accrues at the time of

substantial completion of a party's work. The judge observed,

however, that in certain circumstances, the discovery rule may

apply, and the cause of action will not accrue until the injured

 9 A-4292-13T3
party discovers, or should reasonably have discovered, that it

has a basis for an actionable claim.

 The judge wrote that, in this case, the six-year statute of

limitations began to run on May 1, 2002, which was the date upon

which the building was deemed substantially complete. The judge

noted that the unit owners assumed control of the Association's

Board in July 2006, and Falcon produced its engineering report

in May 2007. The judge observed that some construction defects

previously had been identified in Ray Engineering's report,

which was included in the sponsor's public offering statement.

 The judge wrote that when plaintiff received Ray

Engineering's report "nearly two years remained on the statute

of limitations." The judge added that, even if plaintiff was

not reasonably aware of the construction defects until Falcon

issued its report in May 2007, plaintiff still had one year in

which to bring timely claims against defendant contractors.

 The judge concluded that plaintiff had not filed its claims

against defendants within the time required by N.J.S.A. 2A:14-1.

The judge rejected plaintiff's argument that the discovery rule

applied, stating that plaintiff "was reasonably aware of an

injury within the statutory time frame and had [an] ample amount

of time to seek recourse."

 The judge also rejected plaintiff's contention that the

statute of limitations should not begin to run until it was

 10 A-4292-13T3
established and the unit owners took control of the Board. The

judge pointed out that A/V had contracted with AJD to construct

a building with rental apartments. Thereafter, A/V sold the

property to Old Palisade, which converted the property to the

condominium form of ownership, at which point the Association

was established.

 The judge wrote that defendant contractors could not have

reasonably anticipated that the Association would eventually be

formed and they would be "forever liable" for alleged

construction defects, notwithstanding the six-year statute of

limitations in N.J.S.A. 2A:14-1. The judge entered orders dated

March 28, 2014, granting defendants' motions.

 Plaintiff thereafter filed a motion for reconsideration,

which defendants opposed. The judge filed an order dated May 9,

2014, denying the motion. In a statement attached to the order,

the judge wrote that plaintiff had not presented any evidence or

legal arguments which warranted reconsideration of the orders

granting summary judgment to defendants. Plaintiff's appeal

followed.

 III.

 On appeal, plaintiff argues that the motion judge erred by

finding that the six-year statute of limitations in N.J.S.A.

2A:14-1 began to run when the construction project was deemed to

be substantially complete. Plaintiff contends that its claims

 11 A-4292-13T3
for construction defects accrued in June 2007, which was after

the unit owners took control of the Board and it received

Falcon's report detailing the alleged deficiencies in

defendants' construction work.

 When reviewing an order granting a motion for summary

judgment, we apply the same standard that governs the trial

court's ruling on the motion. Town of Kearny v. Brandt, 214 N.J.

76, 91 (2013). Rule 4:46-2(c) provides that summary judgment may

be granted when the record before the court "show[s] that there

is no genuine issue as to any material fact challenged and that

the moving party is entitled to a judgment or order as a matter

of law."

 However, when the grant or denial of summary judgment is

based on an issue of law, an appellate court owes no deference

to the trial court's "interpretation of law that flows from

established facts." State v. Perini Corp., 221 N.J. 412, 425

(2015) (citing Kearny, supra, 214 N.J. at 92). Determining the

date upon which a statute of limitations begins to run is an

issue of law, subject to plenary review. Kearny, supra, 214 N.J.

at 92.

 We note initially that, in its written submission to the

trial court, plaintiff conceded that the construction work on

the project was substantially completed on May 1, 2002. At oral

argument on defendants' motions, plaintiff's counsel told the

 12 A-4292-13T3
motion judge plaintiff agreed that May 1, 2002, was the date of

substantial completion of the work. On appeal, however,

plaintiff appears to challenge that fact.

 In its brief, plaintiff asserts that the contract between

A/V and AJD provides that the date of substantial completion is

the date so certified by the project's architect. According to

plaintiff, the project's architect never certified to the

Borough that the project had been completed in accordance with

the specifications and applicable codes.

 In addition, plaintiff asserts that in 2004, an architect

employed by A/V's parent company sent a letter to the Borough

stating that the building was substantially complete on May 1,

2002. Plaintiff states that this letter was not a certificate of

substantial completion, and it did not comply with the contract

or applicable requirements of the American Institute of

Architects. Plaintiff also asserts that a certificate of

substantial completion was never issued for the project.

 We are convinced that plaintiff is bound by the position it

took in the trial court in responding to defendants' motions,

and should not be permitted to raise for the first time on

appeal an issue of fact regarding the date of substantial

completion. Siddons v. Cook, 382 N.J. Super. 1, 12 (App. Div.

2005). Accordingly, we will assume for purposes of our decision

 13 A-4292-13T3
that the construction work on the project was substantially

complete on May 1, 2002.

 We also note that, in its brief, plaintiff suggests that it

asserted claims against AJD, Forsa, Benfatto and Luxury pursuant

to the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -20.

However, a review of plaintiff's nine complaints indicates that

plaintiff only asserted claims under the CFA against those

parties involved with the condominium conversion. Plaintiff

never asserted claims under the CFA against the construction

defendants.

 IV.

 We turn to plaintiff's contention that the motion judge

erred by concluding that plaintiff's causes of action against

defendants accrued on May 1, 2002, when the construction work on

the project was deemed to be substantially complete.

 As the motion judge recognized, N.J.S.A. 2A:14-1 provides

in pertinent part that a claim for tortious injury to real

property or for recovery on a contract claim "shall be commenced

within [six] years after the cause of such action shall have

accrued." The statute does not define when a cause of action

accrues, and that issue has "been left entirely to judicial

interpretation and administration." Russo Farms v. Vineland Bd.

of Ed., 144 N.J. 84, 98 (1996) (quoting Rosenau v. City of New

Brunswick, 51 N.J. 130, 137 (1968)). The courts have determined

 14 A-4292-13T3
that a cause of action accrues when the right to institute a

suit first arises. Ibid. (citations omitted).

 Here, the motion judge correctly stated that in

construction defect cases, the statute of limitations generally

begins to run upon substantial completion of the work. In

Mahony-Troast Constr. Co. v. Supermarkets Gen. Corp., 189 N.J.

Super. 325, 329 (App. Div. 1983), we observed that "the statute

of limitations on an action for deficiencies in design or

construction commences to run upon substantial completion of the

structure." See also Russo Farms, supra, 144 N.J. at 115-16

(citing Mahony-Troast and noting that the Appellate Division has

determined that "the date of substantial completion is to be

used for statute of limitations purposes" in construction defect

cases).

 Our decision in Trinty Church v. Lawson-Bell, 394 N.J.

Super. 159 (App. Div. 2007), also supports the conclusion that

in general a cause of action accrues on a construction-defect

claim at the time of substantial completion. There, the parties

had entered into contracts to perform construction work on a

church. Id. at 163. The contracts provided that any cause of

action arising under the agreements shall be deemed to accrue

and the applicable statute of limitations commence to run not

later than the date of substantial completion. Ibid. We held

that the relevant provisions of the contracts were consistent

 15 A-4292-13T3
with the general principle that the statute of limitations in

construction-defect cases begins to run at the time of

substantial completion of the work. Id. at 170-71.

 V.

 As indicated in Trinity Church, although a cause of action

in a construction-defect case generally accrues at the time of

substantial completion, the date of accrual may be delayed by

application of the discovery rule or other equitable

considerations. Id. at 171. We are convinced that, under the

circumstances presented in this case, plaintiff's causes of

action did not accrue until the unit owners took full control of

the Association's governing Board, and the Board had sufficient

facts upon which to assert actionable claims against defendant

contractors.

 A condominium association has responsibility for

"maintenance, repair, replacement, cleaning and sanitation of

the common elements" of the condominium. N.J.S.A. 46:8B-14(a).

The association has exclusive authority to prosecute claims

regarding the common elements, and the "unit owners may not

pursue individual claims for damages to or defects in the common

elements predicated upon their tenant in common interest."

Siller v. Hartz Mountain Assoc., 93 N.J. 370, 380 (1983).

However, if the association refuses to enforce rights that it is

 16 A-4292-13T3
authorized to assert, a unit owner could pursue a derivative

claim on behalf of the association. Id. at 381.

 Here, the record shows that AJD performed its work pursuant

to its contract with A/V, and Forsa, Benfatto and Luxury

performed their work as AJD's subcontractors. After the project

was substantially complete and certificates of occupancy issued,

A/V operated the building as a rental dwelling for two years.

The property was not converted to the condominium form of

ownership until January 2005, when the sponsor issued the public

offering statement and filed the master deed.

 The Association was established at that time, but the

sponsor controlled the Board as provided by the NJCA, the master

deed and the relevant condominium documents. The unit owners did

not assume full control of the Board until July 2006, after the

requisite number of units had been sold. Notably, while the

sponsor had control of the Board, neither the sponsor nor the

Association pursued any claims against the contractors for

construction defects in the common elements.

 Although under Siller, a unit owner could have brought

derivative claims on behalf of the Association against the

contractor defendants for construction defects in the common

elements, the unit owners were not compelled to do so. Indeed,

it would be unreasonable for the statute of limitations to run

on the claim of a condominium association, unless a unit owner,

 17 A-4292-13T3
or group of unit owners, took on that responsibility. We are

convinced that, under the circumstances, the statute of

limitations could not begin run on the Association's claims

until the unit owners had full control of the governing Board.

 Furthermore, the Association did not have all of the facts

necessary to support actionable claims against defendants until

the Board received the Falcon report on June 13, 2007. The

motion judge noted that the Ray Engineering report, which had

been included in the public offering statement issued upon the

conversion of property to condominium ownership, had identified

some construction defects in the buildings.

 However, the Falcon report provided a more detailed

analysis of the property and identified construction defects

that had not been mentioned in the Ray Engineering report.

Indeed, in their complaint, plaintiff asserted a claim of

professional negligence against Ray Engineering, alleging that

it had been negligent and reckless in failing to disclose the

existence of certain major structural and mechanical system

defects in the property.

 Thus, the unit-owner-controlled Board was not reasonably

aware that it had actionable claims regarding the full range of

construction defects until it received the Falcon report on June

13, 2007. We conclude that the Association's causes of actions

against defendant contractors accrued at that time.

 18 A-4292-13T3
 Defendants argue, however, that plaintiff should not be

entitled to the benefit of the discovery rule. Defendants

contend that by at least May 2007, when Falcon produced its

report, plaintiff still had a reasonable time in which to assert

claims within six years of the date of substantial completion of

the work. Defendants therefore argue that the causes of action

accrued at the time of substantial completion.

 We do not agree. N.J.S.A. 2A:14-1 states that a claim must

be asserted within six years after its accrual. Thus, by its

plain terms, the statute indicates that a claimant would have

the benefit of the full limitations period to file its complaint

after the cause of action has accrued. Here, plaintiff's causes

of action against defendant contractors did not accrue until

June 13, 2007, when the unit-owner-controlled Board received

Falcon's report.

 Plaintiff had six years from that date in which to assert

its claims. Plaintiff filed its initial complaint in May 2009,

naming AJD and Luxury as defendants. It asserted claims against

Benfatto in 2009, and against Forsa in 2011. The claims were

timely filed. See Caravaggio v. D'Agostini, 166 N.J. 237 (2001)

(noting that, although the plaintiff had discovered his claim

for malpractice prior to the expiration of the statute of

limitations, the plaintiff would "ordinarily" be allowed the

full limitations period in which to bring his action); Fox v.

 19 A-4292-13T3
Passaic Gen. Hosp., 71 N.J. 122 (1976) (holding that limitations

period does not commence until harm to the plaintiff is

reasonably apparent or ascertainable).

 In addition, Luxury notes that plaintiff has alleged that

the floor slabs in the common areas are not flat and level.

Luxury argues that plaintiff and the unit owners should have

been aware from the date of construction in 2001 of these

alleged deficiencies in the flooring. However, as we have

explained, the statute of limitations did not begin to run until

the unit owners had full control of the Association's governing

Board and it had sufficient facts upon which to assert its

claims for construction defects. Even if the unit owners knew or

should have known of the defective floors in the common areas

sometime before June 13, 2007, the time in which the Association

could assert those claims did not begin to run until the unit

owners controlled the Board.

 The motion judge also observed that it would be unfair to

allow the Association to assert its claims against defendant

contractors because defendants could not have reasonably

anticipated that the property would be converted to a

condominium, that the Association would eventually be formed,

and that they would be "forever liable" for the alleged

construction defects.

 20 A-4292-13T3
 However, it is well established that the statute of

limitations could be tolled by application of the discovery rule

or equitable considerations. Trinity Church, supra, 368 N.J.

Super. at 171. Even so, defendants would not be "forever liable"

for the alleged construction defects.

 The statute of repose in N.J.S.A. 2A:14-1.1(a) provides

that:

 No action, whether in contract, in tort, or
 otherwise, to recover damages for any
 deficiency in the design, planning,
 surveying, supervision or construction of an
 improvement to real property, . . . arising
 out of the defective or unsafe condition of
 an improvement to real property, nor any
 action for contribution or indemnity for
 damages sustained on account of such injury,
 shall be brought against any person
 performing or furnishing the design,
 planning, surveying, supervision of
 construction or construction of such
 improvement to real property, more than 10
 years after the performance or furnishing of
 such services and construction.

 The ten-year limitations period in the statute of repose

"generally commences one day after issuance of the certificate

of substantial completion for the project." Perini Corp., supra,

221 N.J. at 427 (citing Russo, supra, 144 N.J. at 118). The

purpose of the statute was to limit the expanding liability of

contractors, including an expansive application of the discovery

rule. Horosz v. Alps Estates, Inc., 136 N.J. 124, 128 (1994)

(citing Newark Beth Israel Hosp. v. Gruzen, 124 N.J. 357, 362

 21 A-4292-13T3
(1991)). Therefore, the motion judge's statement that defendants

would be "forever liable" for the construction defects is

unfounded.

 Reversed and remanded for further proceedings in conformity

with this opinion. We do not retain jurisdiction.

 22 A-4292-13T3